IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1980-03






XAVIER HERNANDEZ BAROCIO, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Price, J., filed an opinion concurring in the judgment, in which
Johnson and Holcomb, JJ., joined.


C O N C U R R I N G O P I N I O N 



 I agree with the majority that the trial court did not err denying the appellant's
motion to suppress. I write separately to explain my reasons.

 The appellant filed a motion to suppress statements and tangible evidence obtained
by a warrant that he claims was obtained in violation of the United States and Texas
Constitutions. Specifically, the appellant claimed that sheriff's deputies entered his home
without a warrant and then applied for a warrant based on information obtained while
they were illegally in his home.

 The trial court held a hearing on the motion. There were many discrepancies in the
testimony given by Deputies Wyatt, Kirsch, and Monfort. (1) 

 The evidence admitted during the hearing on the motion to suppress showed that
Wyatt found a car parked in front of the appellant's trailer. It was parked partially in the
roadway and heading in the wrong direction. The driver's door was wide open, and upon
stopping, Wyatt discovered that the keys to the car were in the ignition. He called for
back up.

 Kirsch responded to Wyatt's call for back up, and the two deputies went to knock
on the appellant's door to find out about the car. The deputies noticed that there were pry
marks on the front door. Wyatt testified that, at this point, he could smell marihuana and
heard a lot of noise in the trailer. Kirsch testified that he did not hear noises and that he
smelled no marijuana at that point. They both saw surveillance cameras pointing at the
front porch and the street in front of the trailer.

 The deputies knocked on the door and waited two to five minutes before the
appellant came to the door. When the door was opened, Kirsch smelled a strong odor of
marihuana for the first time and Wyatt said that he smelled it stronger than before. One
of the deputies questioned the appellant about the car. The appellant told them that it was
his. The deputies also asked the appellant for identification. The appellant was
uncooperative and appeared to be nervous.

 Wyatt testified that he detained the appellant on the porch and that Kirsch went
inside to see if anyone else was in the trailer. While Kirsch was inside, he saw some
marihuana lying loose on the kitchen counter near a plastic bag. Wyatt testified that he
never entered the trailer until the search warrant had been obtained and that he never told
anyone that he had. He talked to Monfort to obtain a search warrant.

 Kirsch testified that he and Wyatt directed the appellant to go inside to get his
identification and that Wyatt followed the appellant and Kirsch followed Wyatt. When
they were in what was called the foyer of the trailer, Kirsch said that he saw marihuana on
the kitchen counter. The appellant was taken outside to the patrol car, and Kirsch
performed a protective sweep to see if anyone else was in the trailer. 

 Monfort, who was not at the trailer, obtained the search warrant. He said that
Wyatt told him that he had seen the marihuana while standing outside the trailer on the
porch. This along with the other information about the incident appeared in the affidavit
supporting the warrant.

 The trial court denied the motion to suppress. It concluded that the smell of
marihuana provided exigent circumstances to allow the deputies to enter the home. The
trial court did not have the benefit of our opinion in Steelman v. State, (2) when it made its
ruling. Even so, if the trial court's decision is correct on any theory of law applicable to
the case, the decision will be sustained. (3)

 The Court of Appeals concluded that, under our holding in Steelman, the facts did
not give rise to exigent circumstances in this case. (4) It also held that exigent
circumstances did not exist regarding a possible burglary because the deputies had the
sole suspect in custody. (5)

 Under the Fourth and Fourteenth Amendments, a search or seizure conducted in
the home without a warrant issued upon probable cause is presumptively unreasonable. (6) 
When exigent circumstances exist, however, the warrantless search of a home is
authorized. (7) Exigent circumstances are found when there is some danger to the officer or
victims, an increased likelihood of apprehending a suspect, or the possible destruction of
evidence. (8)

 The appellant conceded during the hearing on the motion for new trial that the
deputies had probable cause to obtain a warrant to search the appellant's trailer because
of the smell of marihuana. The only question is whether exigent circumstances existed to
permit the deputies to enter before they obtained the warrant.

 The record shows that a car in the street was left open with the keys in the ignition. 
Wyatt and Kirsch found pry marks on the front door of the trailer where the car was
parked. Wyatt heard a lot of noise while he was standing on the front porch. The
appellant took a long time to come to the door after the deputies knocked. When he came
to the door, he was uncooperative and appeared to be nervous. The appellant either was
unable to or refused to produce his identification showing that he owned the car and was
an occupant of the trailer. These facts gave rise to probable cause to believe that a
burglary had taken place or was still going on. A reasonable police officer with
knowledge of these facts could have concluded that other perpetrators or potential victims
were inside the trailer. These facts support the conclusion that exigent circumstances
existed for the deputies to search the house for potential suspects or victims.

 I want to make clear that the smell of marihuana and the surveillance cameras were
not particularly relevant to the finding of exigent circumstances because of a potential
burglary. But I do agree that these facts supported probable cause for a search warrant on
the basis that there were drugs inside the trailer.

 With these comments, I concur in the Court's judgment.


Filed: March 9, 2005.

Publish. 
1. In the record, the name is spelled Monford. The name and signature on the affidavit
supporting the search warrant is spelled Monfort.
2. Steelman v. State, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002) (holding that the smell of
burning marihuana alone does not authorize the warrantless search and seizure in a home).
3. State v. Ross, 32 S.W.3d 853, 855-856 (Tex. Crim. App. 2000).
4. Barocio v. State, 117 S.W.3d 19, 24 (Tex. App.--Houston [14th Dist.] 2003).
5. Ibid.
6. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991).
7. Ibid.
8. Id., at 107.